John W. Ahlen, Ph.D. President Arkansas Science and Technology Authority 100 Main Street, Suite 450 Little Rock, Arkansas 72201
Dear Dr. Ahlen:
This is in response to your request for an opinion on two questions relating to the service of individuals as directors of the Arkansas Science and Technology Authority (the "Authority").
Your first question is:
 whether a partner of a law firm providing legal services to the Authority under a professional services contract is prohibited from serving as a member of the Authority's board under A.C.A. § 15-3-112
and A.C.A. § 21-8-1001 or, conversely, whether a law firm is prohibited by the same section from providing legal services under a professional services contract with the Authority while a partner of the same law firm is serving on the Authority's board.
You state the following facts with respect to your first question: the legal services provided under the professional services contract are in connection with the Authority's qualified investments and other programs; the contract caps annual compensation payable to the law firm by the Authority at $5,000; annual renewals of the contract are not presented to the Authority's board of directors for approval, although the board does approve an annual budget including an entry for payments under the contract and does "accept" quarterly expenditure reports; and the partner of the law firm who is a member of the Authority's board of directors does not personally perform legal services for the Authority but would, in the normal course of events, participate in fees earned under the contract to the extent of his partnership interest in the firm.
The first statute you cite, A.C.A. § 15-3-112 (Repl. 1994), applies specifically to the Authority and provides in relevant part (subsection (a)) as follows:
 No director, officer, or employee of the authority, for purpose of personal gain, shall have or attempt to have, directly or indirectly, any interest in any contract or agreement of the authority in connection with the qualified investments or other programs of the authority.
The other statute you cite, A.C.A. § 21-8-1001 (Supp. 1995), applies generally to state boards and commissions and provides:
 (a)(1) No member of a state board or commission shall participate in, vote on, influence, or attempt to influence an official decision if the member has a pecuniary interest in the matter under consideration by the board or commission.
 (2) A member of a state board or commission may participate in, vote on, influence, or attempt to influence an official decision if the only pecuniary interest that may accrue to the member is incidental to his or her position, or which accrues to him or her as a member of a profession, occupation, or large class, to no greater extent than the pecuniary interest could reasonably be foreseen to accrue to all other members of the profession, occupation, or large class.
 (b) No member of a state board or commission shall participate in any discussion or vote on a rule or regulation that exclusively benefits the member.
In my opinion, A.C.A. § 15-3-112(a) prohibits the law firm partner from serving as a member of the Authority's board of directors while the contract is in force. It seems clear to me, according to the ordinary meanings of the words used in the statute, that the partner has an indirect interest in a contract of the Authority, which contract is, as you state, in connection with the qualified investments and other programs of the Authority. It also seems clear that the contract is for the "purpose of personal gain": the only consideration flowing to the law firm is money, and the partner is a part owner of the firm. While the amount of money ultimately to be received by the partner under the contract is undoubtedly small, it will nonetheless constitute a portion of the partner's share of firm profits.
In my opinion, A.C.A. § 21-8-1001 is not applicable to the situation at hand. That statute restricts the ability of a member of a state board or commission to act on matters in which he or she has some pecuniary interest, but the statute plainly contemplates that the member is otherwise not prohibited from serving on the board or commission. Here, as stated above, it is my opinion that a partner in a law firm that is a party to an Authority contract in connection with the Authority's qualified investments and other programs may not serve on the Authority's board of directors at all.
In connection with your first question, you ask whether my opinion would be different if the partner/director informed the other directors of his affiliation with the law firm and recused from all decisions of the board regarding the contract. You point out that a similar procedure is permitted by A.C.A. § 15-3-112(c), which provides:
 It shall not be a violation of this section for the authority to permit any college, university, or other nonprofit institution with which a director of the authority is affiliated to participate in any program of the authority, provided that the director shall promptly disclose the nature of the affiliation to the board.
In my opinion, the steps proposed (disclosure and recusal) would not serve to cure the violation of A.C.A. § 15-3-112(a) that I have concluded would occur if the law firm partner served as a director of the Authority. The statute flatly prohibits directors of the Authority from having certain personal interests and admits of no exceptions other than as quoted above, which exception does not apply because the law firm is not a college, university, or nonprofit institution.
Also in connection with your first question, you ask whether the prohibition would apply if the partner/director additionally declined to receive his partnership interest in any fees received by the firm under the contract. This is a closer question. Certainly the "purpose of personal gain" and "interest" in the contract are not as clear when the partner disclaims any interest in payments thereunder. A law firm partner's interest in a professional services contract is not, however, in my view limited solely to receiving personally a share of payments made thereunder. A partner, as an owner of the firm, also has an interest in the continuing profitability and viability of the firm, which plainly is advanced by the payment of fees which presumably will, in part at least, be applied to expenses of the firm. Many of the goods and services for which firm funds are expended likely will benefit the firm as a whole rather than individual lawyers. It is my opinion, therefore, that the prohibition of A.C.A. § 15-3-112(a) likely applies notwithstanding the partner/director's refusal to accept a share of profits arising from payments under the contract.
Your second question is whether a manufacturing concern is prohibited under A.C.A. §§ 15-3-112 and 21-8-1001 from obtaining assistance under the Authority's programs if an affiliate of the manufacturer is a member of the Authority's board of directors. In connection with this question, you point out that A.C.A. § 15-3-104(c)(4) (Supp. 1995) provides that three directors of the Authority are appointed as representatives of the private sector of the state and must have knowledge or experience in the field of manufacturing. You also state that directors with affiliations with manufacturers also may be appointed under other provisions of A.C.A. § 15-3-104(c).
Clearly, the Authority may not invest, pursuant to A.C.A. § 15-3-122
(Repl. 1994), in a qualified security of a manufacturer that is owned, to any extent or in any manner, by a director of the Authority, or of a manufacturer that employs a director of the Authority. This rule is expressly stated by A.C.A. § 15-3-112(b).
It is further my opinion that, pursuant to A.C.A. § 15-3-112(a), a manufacturer may not participate in an Authority program involving a contract or agreement of the Authority[1] while an affiliate of the manufacturer is a director of the Authority, even if the program does not involve investment in a qualified security of the manufacturer. In my view, an individual's affiliation with a business entity generally will include a financial interest in the entity, whether as owner, employee, or otherwise, sufficient to constitute a direct or indirect interest in the Authority contract.
In my opinion, the provisions of A.C.A. § 21-8-1001 will govern the director's actions in the event the manufacturer participates in an Authority program that does not involve a contract, and may prohibit the director from taking certain actions in connection with the participation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] In my opinion, a manufacturer whose affiliate is a director of the Authority may participate in an Authority program that does not involve a contract. A.C.A. § 15-3-112(a). While information provided with your request suggests that most Authority programs in which manufacturers may participate involve contracts, it appears that some (such as the Small Business Innovation Research Awareness Program and the Manufacturing Extension Network) may not.